UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANNA VIGLIETTA,<br><br>     Plaintiff,<br><br> vs.<br><br>ATRIA SENIOR LIVING, INC., JOHN DOES 1-10 (said names being fictitious, real names unknown) and ABC ENTITIES 1-10 (said names being fictitious, real names unknown),<br><br>     Defendant(s) | Case No.: 1-22-cv-04680<br><br>CIVIL ACTION<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiff, DIANNA VIGLIETTA ("Plaintiff"), by and through her undersigned counsel, files this Complaint and Jury Demand against Defendants ATRIA SENIOR LIVING, INC., JOHN DOES 1-10 (said names being fictitious, real names unknown) and ABC ENTITIES 1-10 (said names being fictitious, real names unknown), hereby allege as follows:

## NATURE OF THE CLAIMS

1. This is an action for monetary relief to redress Defendants' unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff due to her medical condition and its unlawful retaliation against her after she complained about unlawful discrimination in the workplace in violation of Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA") and the New York State Human Rights Law, NY Exec L § 296 et seq. ("NYSHRL").

**JURISDICTIONAL STATEMENT**

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

**ADMINISTRATIVE PROCEDURES**

4. Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of the ADA. Plaintiff's EEOC charge arises out of many of the same facts alleged herein.

5. On or about May 18, 2022, Plaintiff received the notice of right to sue issued by the EEOC in connection with the previously filed charge of discrimination. This Complaint has been filed within 90 days of Plaintiff's receipt of her notice of right to sue from the EEOC.

6. Any and all prerequisites to the filing of this suit have been met.

**PARTIES**

7. Plaintiff is a female residing in Lynbrook, New York and is a former employee of Defendant. At all relevant times, Plaintiff was a resident of the State of New York and met the definition of an "employee" under all applicable statutes at the time of her employment.

8. Upon information and belief, Defendant is an employer in the State of New York, at the address of 100 Peninsula Boulevard, Lynbrook, New York 11563, which had the Plaintiff in its

employ during the relevant time periods herein. At all relevant times, Defendant has met the definition of an "employer" under all applicable statutes.

9. At all times relevant hereto, JOHN DOES 1-10 (said names being fictitious, real names unknown) are fictitious names used to identify those individuals which names are presently unknown that engaged in wrongful acts outlined herein and their identities are presently unknown.

10. At all times relevant hereto, ABC ENTITIES 1-10 (said names being fictitious, real names unknown) are fictitious names used to identify those companies which names are presently unknown that engaged in wrongful acts outlined herein and their identities are presently unknown.

## STATEMENT OF FACTS

11. Plaintiff is a female and former employee of Defendant ATRIA SENIOR LIVING, INC.

12. On or about August 28, 2014, Defendant hired Plaintiff as a Engage Life Instructor.

13. On or about January 8, 2021, Defendant informed Plaintiff that the COVID-19 vaccine would be a required condition for employment.

14. On or about January 15, 2021, Plaintiff submitted a doctor's note to Defendant's Executive Director Kathleen Johannsen regarding her allergies of penicillin and history of anaphylaxis as a medical exemption from the COVID-19 vaccination.

15. Upon information and belief, following Plaintiff's production of her doctor's note, Defendant informed Plaintiff that she needed to be vaccinated by May 1, 2021.

16. On or about May 7, 2021, Plaintiff was informed that Defendant was extending the time for her to become vaccinated to July 31, 2021 or face an unpaid 30 day leave of absence if she remained unvaccinated.

17. Due to Plaintiff's medical condition, she remained unvaccinated for COVID-19.

18. On or about July 28, 2021, Plaintiff was terminated from her position at Defendant ATRIA SENIOR LIVING, INC.

19. On or about January 13, 2022, Plaintiff submitted a Charge Inquiry with Equal Employment Opportunity Commission ("EEOC").

20. On or about April 26, 2022, Plaintiff filed a complaint of discrimination with the EEOC against Defendant, Charge #520-2022-02848.

21. On or about May 18, 2022, Plaintiff received the Right to Sue Letter for Charge #520-2022-02848.

22. Due to Plaintiff's termination, she has suffered mental anguish and can no longer financially provide for her family.

## **FIRST CAUSE OF ACTION**
### VIOLATION OF ADA

23. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

24. Plaintiff's allergic medical condition is protected under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

25. Plaintiff advised Defendant of her medical condition as an exemption to the COVID-19 vaccination.

26. During the course of Plaintiff's employment with Defendant, Defendant, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of her medical condition, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

27. Defendant ATRIA SENIOR LIVING, INC., JOHN DOES 1-10 (said names being fictitious, real names unknown) and ABC ENTITIES 1-10 (said names being fictitious, real names unknown), failed to take prompt and appropriate remedial action to prevent or correct further discrimination of Plaintiff.

28. Defendants ATRIA SENIOR LIVING, INC., JOHN DOES 1-10 (said names being fictitious, real names unknown) and ABC ENTITIES 1-10 (said names being fictitious, real names unknown), discriminated against Plaintiff on the basis of her medical condition in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

## **SECOND CAUSE OF ACTION**

RETALIATION IN VIOLATION OF ADA

29. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

30. Defendant has violated the ADA by subjecting Plaintiff to retaliation for her protected complaints and opposition to Defendant's discriminatory vaccination policy on the basis of her medical condition by, *inter alia*, terminating Plaintiff after Plaintiff made the request for an medical exemption.

31. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

32. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, stress and anxiety, loss of self-esteem and self-confidence,

and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

33. Defendant ATRIA SENIOR LIVING, INC., JOHN DOES 1-10 (said names being fictitious, real names unknown) and ABC ENTITIES 1-10 (said names being fictitious, real names unknown), unlawful retaliatory conduct constitutes a willful and wanton violation of the ADA, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### THIRD CAUSE OF ACTION

VIOLATION OF THE NEW YORK STATE HUMAN RIGHT LAW

34. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

35. Plaintiff's medical condition is a protected under NYSHRL.

36. Defendants have discriminated against Plaintiff in violation of the New York State Human Right Law by subjecting her to disparate treatment because of her medical condition, by, *inter alia*, denying her a medical exemption to Defendant's COVID-19 vaccine requirement.

37. Defendants ATRIA SENIOR LIVING, INC., JOHN DOES 1-10 (said names being fictitious, real names unknown) and ABC ENTITIES 1-10 (said names being fictitious, real names unknown), treatment of Plaintiff was wrongful and discriminatory in nature, violated the provisions set forth in NYSHRL NY Exec L § 296 et seq.

38. Defendants have subjected Plaintiff to numerous acts of despair treatment, adverse employment actions and conduct that resulted in a hostile work environment.

39. As a direct and proximate result of the defendants ATRIA SENIOR LIVING, INC., JOHN DOES 1-10 (said names being fictitious, real names unknown) and ABC ENTITIES 1-10 (said

names being fictitious, real names unknown), unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress.

40. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of NYSHRL, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION

NEW YORK STATE HUMAN RIGHT LAW UNLAWFUL RETALIATION

41. Plaintiff repeats and realleges each and every allegation of the within paragraphs of this Complaint as if set forth at length herein.

42. Defendants have violated the New York State Human Right Law by subjecting Plaintiff to retaliation for her protected complaints and opposition to Defendant's discriminatory actions on the basis of medical condition by, *inter alia*, terminating Plaintiff after she did not get vaccinated for COVID-19 despite her medical condition.

43. Defendants' treatment of Plaintiff was wrongful and discriminatory in nature, violated the provisions set forth in NYSHRL NY Exec L § 296 et seq.

44. As a direct and proximate result of the defendants ATRIA SENIOR LIVING, INC., JOHN DOES 1-10 (said names being fictitious, real names unknown) and ABC ENTITIES 1-10 (said names being fictitious, real names unknown), unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress.

45. Plaintiff has been severally injured as a result of such retaliation that she has suffered, and continues to suffer, severe emotional distress, and other such damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security and other benefits of employment;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment;

D. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

E. An award of punitive damages;

F. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

G. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues.

                                             VLASAC & SHMARUK, LLC

                                By:   */s/ David E. Cassidy, Esq.*
                                        DAVID E. CASSIDY, ESQ.
                                        444 Madison Avenue, 4th Floor
                                        New York, NY 10022
                                        Phone: 212-539-1800
                                        Email: dcassidy@vslaws.com
                                        Attorneys for Plaintiff

Dated:  August 9, 2022